## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EUGENIO ORONA                           )
                                        )       Civil Action
       Plaintiff              )
                                        )       No. _____
     v.                              )
                                        )
DeSALES UNIVERSITY,                     )
                                        )
       Defendant              )

## C O M P L A I N T

### NATURE OF THE ACTION

1.      This is a civil action under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"), and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

3.      This Court is a proper venue pursuant to 28 U.S.C § 1391(b)(1) because Defendant resides in this district for venue purposes, and § 1391(b)(2) because a substantial amount of the events giving rise to this action occurred in this district.

### PARTIES

4.      Plaintiff is Eugenio Orona ("Orona"), who resides at 5029 Vera Cruz Road, Center Valley, Pennsylvania 18034.

5.      Defendant is DeSales University ("DeSales"), which is a non-profit corporation with its registered address and principal place of business at 2755 Station Avenue, Center Valley, Pennsylvania 18034-9568.

## FACTS

6.　　Plaintiff Orona graduated from Drexel University in Philadelphia, Pennsylvania in June of 2007 with a Bachelor of Science degree in Business Administration.

7.　　Plaintiff Orona worked in Marketing and Advertising following his graduation from Drexel University.

8.　　In 2016, Plaintiff Orona desired and decided to pursue a career in nursing.

9.　　Plaintiff Orona applied, was admitted, and enrolled in Defendant DeSales' accelerated Bachelor of Science in Nursing Program ("Accelerated BSN Program").

10.　　Defendant DeSales' Accelerated BSN program targets individuals who already have a non-nursing Bachelor degree and permits participants to obtain a second Bachelor degree in nursing in less than two (2) years.

11.　　Upon information and belief, the Accelerated BSN Program generates a significant rate of profit for Defendant DeSales relative to its traditional, residential undergraduate programs because the Accelerated BSN Program is geared toward students who—by and large—are working adults that demand and use fewer campus services and amenities; therefore, the Accelerated BSN Program participants are less costly per capita to educate.

12.　　Plaintiff Orona commenced his instruction in the accelerated nursing program in early May 2017.

13.　　Shortly after beginning instruction, on or about June 2, 2017, Plaintiff Orona met with Natalie Cyphers, Ph.D., RN, CPN, FCN ("Dr. Cyphers") to discuss difficulties he was experiencing (hereinafter "June 2017 Meeting").

-2-

14.     Dr. Cyphers serves as an instructor and administrator for the Accelerated BSN Program and was assigned as Plaintiff's Faculty Advisor.

15.     In the June 2017 Meeting, Dr. Cyphers stated to Plaintiff Orona that she believed he might have a learning disability when Plaintiff Orona described the difficulties that he was experiencing in the Program; Dr. Cyphers suggested that Plaintiff Orona be evaluated by a psychiatrist because she felt that Plaintiff's difficulties were caused from possibly having ADHD.

16.     Dr. Cyphers informed Plaintiff Orona during the June 2017 Meeting that DeSales would not work with him regarding possible accommodations until he was formally diagnosed with a learning disorder or disability.

17.     Following the June 2017 Meeting, Plaintiff Orona increased the amount of time he spent on his coursework for the Program and joined a study group.

18.     Additionally, Plaintiff Orona researched potential learning disorders and contacted his insurance company regarding psychiatrists who were in-plan; however, those he contacted were either not taking on new patients or had no appointment times available for a long period of time.

19.     Plaintiff scheduled an appointment at The Mitchell Center in Emmaus, Pennsylvania to be seen on August 22, 2017.

20.     Plaintiff Orona's grades improved somewhat as a result of his efforts; however, he continued to experience difficulties in the Program and had not yet been able to see a psychiatrist regarding his condition.

21.     On or about August 11, 2017, Plaintiff Orona reached out to, and again met, with Dr. Cyphers ("August 11, 2017 Cyphers Meeting").

22.     During the August 11, 2017 Cyphers Meeting, Plaintiff Orona again described the difficulties he was experiencing in the Program and told Dr. Cyphers that he had scheduled an appointment with a psychiatrist regarding his suspected learning disability.

23.     Plaintiff Orona requested to Dr. Cyphers that he be permitted to remain in the Program at least until he was evaluated by a psychiatrist to determine whether he had a learning disorder and disability.

24.     In response, during the August 11, 2017 Cyphers Meeting, Dr. Cyphers noted Plaintiff Orona's that Plaintiff Orona's final grade point average for the summer 2017 term would not meet DeSales' minimum requirement for the program and informed Plaintiff Orona that he was being dismissed from the Accelerated BSN Program.

25.     Then, during the August 11, 2017 Cyphers Meeting, Dr. Cyphers told Plaintiff Orona that he could either start DeSales' internal process to appeal his dismissal from the Program or accept the dismissal and reapply for admission to the Accelerated BSN Program or the traditional nursing program.

26.     Dr. Cyphers stated that re-entrance into either program would only be allowed once Plaintiff Orona could prove to them that he would be successful; however, Dr. Cyphers did not explain to Plaintiff how this could be accomplished.

27.     In response, during the August 11, 2017 Cyphers Meeting, Plaintiff Orona reiterated his request that he be permitted to remain in the Program at least until he was evaluated by a psychiatrist to determine whether he had a learning disorder and disability and further stated to Dr. Cyphers that if it were determined that Plaintiff Orona did not have a learning disability, he would walk away from the Program without dispute.

28.     Dr. Cyphers did not discuss with Plaintiff Orona the possibility of, or the process for, obtaining any academic accommodation(s) for the learning disability she suspected he might have at any time during the August 11, 2017 Cyphers Meeting.

29.     Plaintiff Orona met with Nursing Program Administrator Megan Szivos Frazier the next business day, on Monday, August 14, 2017, to discuss the internal appeal process.

30.     On Friday, August 18, 2017, Plaintiff Orona submitted his written appeal letter to Mary Elizabeth Doyle-Tadduni, Ph.D., MBA, MSN, RN ("Dr. Doyle-Tadduni"), Chair of Defendant's Department of Nursing and Health.

31.     Plaintiff Orona's August 18, 2017 appeal requested to be permitted to continue in the Program into the Fall 2017 semester and pending the then-imminent evaluation of his suspected learning disability by a psychiatrist.

32.     Plaintiff Orona was formally diagnosed with a learning disability on or about August 22, 2017—while his internal appeal was pending, and before his dismissal from the Accelerated BSN Program was final.

33.     Specifically, Plaintiff Orona was diagnosed with "attention deficit disorder of childhood with hyperactivity"—more commonly referred to as "attention deficit hyperactivity disorder" or "ADHD."

34.     On or about August 22, 2017, Department Chair Dr. Doyle-Tadduni denied Plaintiff Orona's appeal.

35.     That same day, August 22, 2017, Plaintiff Orona emailed Robert Blumenstein, Ph.D. ("Dr. Blumenstein"), the Dean of Undergraduate Education, providing Dr. Blumenstein with the appeal letter which Dr. Doyle-Tadduni had denied, and advising Dr. Blumenstein that he had in fact been

diagnosed formally with a learning disability since the submission of his initial appeal to Dr. Doyle-Tadduni.

36.     Plaintiff Orona and Dr. Blumenstein met on the afternoon of Friday, August 25, 2017 to discuss Plaintiff's appeal.

37.     On August 25, 2017, and less than one (1) hour after the conclusion of their meeting, Dr. Blumenstein emailed Plaintiff Orona and informed Plaintiff Orona that he was denying Plaintiff's appeal and upholding the decision of Department Chair Dr. Doyle-Tadduni dismissing Plaintiff Orona from the Program.

38.     On Sunday, August 27, 2017, Plaintiff Orona submitted his further internal appeal to the Academic Affairs Committee, to be heard August 31, 2017.

39.     Plaintiff Orona met with, and presented his appeal to, the Academic Affairs Committee on August 31, 2017.

40.     The next day, September 1, 2017, Defendant DeSales denied Plaintiff's internal appeal, by letter from Karen Walton, Ed.D. ("Dr. Walton"), Defendant's Provost and Vice President for Academic Affairs.

41.     Defendant DeSales refused to provide any reasonable accommodation for Plaintiff Orona's learning disability, did not engage in good faith in a dialogue regarding whether reasonable accommodation would have permitted Plaintiff Orona to complete the Program, and—instead—dismissed Plaintiff from the Program, despite DeSales' belief as early as June 2, 2017 that Plaintiff had learning disability and despite receiving notice of Plaintiff's formal diagnosis with a learning disability in conjunction with Plaintiff's request for reasonable accommodation and before his dismissal from the Program was final.

-6-

42.     After Defendant DeSales dismissed Plaintiff Orona from the program, Plaintiff Orona continued to pursue his nursing education and career.

43.     Plaintiff Orona applied and was accepted to Cedar Crest College to pursue his Bachelor of Science in nursing.

44.     Plaintiff Orona began his coursework at Cedar Crest College in January 2018, presently has a 3.2 grade point average, and is in track and will complete his studies and graduate December 2019.

## COUNT I

### (Violation of Rehabilitation Act)

45.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth here at length.

46.     Plaintiff Orona is a qualified individual with a disability for purposes of the Rehabilitation Act, 29 U.S.C. § 794.

47.     Defendant DeSales is a "program or activity receiving Federal financial assistance" for purposes of the Rehabilitation Act, 29 U.S.C. § 794.

48.     Defendant DeSales denied the benefits of the Program to Plaintiff Orona and subjected Plaintiff Orona to discrimination by failing and refusing to provide Plaintiff Orona with a reasonable accommodation for his learning disability and handicap (ADHD).

49.     Plaintiff Orona is and was otherwise qualified for the Accelerated BSN Program; he could and would have successfully completed the Program if Defendant DeSales had provided reasonable accommodation for Plaintiff' Orona's learning disability and handicap.

50.     Defendant DeSales violated the Rehabilitation Act by dismissing Plaintiff Orona from the Program rather than providing him with reasonable accommodation to continue with and complete the program.

-7-

51.     Defendant DeSales' violation of Plaintiff Orona's rights were committed intentionally, knowingly, and/or with reckless disregard for his rights.

WHEREFORE, Plaintiff Eugenio Orona requests this Honorable Court to enter judgment against Defendant DeSales University and award the following relief to Plaintiff:

a.      A declaration regarding Defendant's violation of Plaintiff's rights under the Rehabilitation Act;

b.      Compensatory damages, and prejudgment interest thereon;

c.      An award of reasonable attorneys' fees and costs; and

d.      Such equitable relief as may be appropriate.

## COUNT II

### (Violation of Americans with Disabilities Act)

52.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth here at length.

53.     Plaintiff is disabled for purposes of the ADA.

54.     At all material times, Plaintiff suffered from ADHD.

55.     ADHD is a mental impairment which substantially limited, and limits, Plaintiff Orona in the major life activities of learning and concentrating.

56.     Furthermore, Defendant DeSales regarded Plaintiff Orona as disabled.

57.     Specifically, DeSales believed and assumed (correctly) that Plaintiff Orona suffered from a learning disability before Plaintiff was formally diagnosed with ADHD and advised DeSales of his formal diagnosis.

58.     Defendant DeSales is a "private entity" and place of "public accommodation" subject to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

-8-

59.     Defendant DeSales was on constructive notice that Plaintiff Orona was disabled from at least June 2, 2017.

60.     Defendant DeSales had actual notice that Plaintiff Orona was formally diagnosed with ADHD as of August 22, 2017, prior to his final dismissal from the Program.

61.     Plaintiff Orona requested to be permitted to continue in the Program and reasonable accommodation for his disability prior to being informed for the first time that he would be dismissed from the Accelerated BSN Program.

62.     Defendant DeSales could have provided Plaintiff Orona with a reasonable accommodation that would have permitted him to complete the Accelerate BSN Program without causing a substantial modification of the Defendant DeSales' standards.

63.     Specifically, and at the very least, Defendant DeSales could have allowed Plaintiff Orona to defer and restart the Accelerated BSN Program, and to repeat the Program's summer session courses the following summer (of 2018).

64.     In so doing, DeSales would not have been required to modify its academic standards *at all*, and would have allowed Plaintiff Orona to proceed through the entire Accelerated BSN Program with proper medication for his ADHD and any additional reasonable and necessary accommodations (e.g., notetaking assistance, additional testing time, etc.) arranged and in place.

65.     Instead, Defendant DeSales informed Plaintiff Orona that he would be dismissed from the Program and could either accept that dismissal and re-apply to DeSales (with no assurance of re-admission) or pursue an internal appeal process.

66.     Plaintiff Orona pursued the internal appeals process which was, upon information and belief, a foregone conclusion.

67.     Throughout the appeals process, Defendant DeSales stood by its initial position of dismissal notwithstanding the additional diagnostic information provided by Plaintiff Orona and his repeated requests not to be dismissed.

68.     Defendant DeSales failed and refused to entertain or discuss Plaintiff Orona's requests for accommodation which would have permitted Plaintiff Orona to ultimately complete the Program.

69.     Defendant DeSales violated the ADA by failing to dialogue with and accommodate Plaintiff Orona regarding his disability and by, instead, dismissing him from the Accelerated BSN Program.

WHEREFORE, Plaintiff Eugenio Orona requests this Honorable Court to enter judgment against Defendant DeSales University and award the following relief to Plaintiff:

a.     A declaration regarding Defendant's violation of Plaintiff's rights under the ADA;

b.     An award of reasonable attorneys' fees and costs; and

c.     Grant such equitable relief as may be appropriate.

### Demand for Jury Trial

70.     Plaintiff demands a trial by jury on all claims and issues so triable.

BROUGHAL & DeVITO, L.L.P.

Date:      05/01/2019          By: 

**John S. Harrison, Esquire**
Attorney I.D. #53864
38 W. Market Street
Bethlehem, PA  18018
Telephone No.:  (610) 865-3664
Facsimile No.:  (610) 865-0969
johnharrison@broughal-devito.com
*Counsel for Plaintiff*